KENNETH W. DONNELLY (Lead Trial Attorney)
(D.C. Bar No. 462996)
donnellyk@sec.gov
DREW D. PANAHI (Cal. Bar No. 224352)
panahid@sec.gov

Attorneys for the Plaintiff
SECURITIES AND EXCHANGE COMMISSION
100 F Street, N.E.
Washington, DC 20549-5949
Telephone: (202) 551-4946 (Donnelly)
Facsimile: (202) 772-9292 (Donnelly)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br>v.<br>BRUCE W. TOMLINSON,<br><br>Defendant. | Case No. CV 13 2549 JCS<br><br>~~PROPOSED~~ FINAL JUDGMENT AS TO DEFENDANT BRUCE W. TOMLINSON |

The Securities and Exchange Commission having filed a Complaint and Bruce W. Tomlinson ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited, for five years following the date of entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $616,000 to the Securities and Exchange Commission pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1]. Defendant shall pay this penalty pursuant to the terms of the schedule of payments set forth in paragraph IV below.

Defendant may transmit payments electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payments may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also make payments by certified

check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Bruce W. Tomlinson as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of a payment and case identifying information to the Commission's counsel in this action. By making any payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay the penalty due of $616,000 in four (4) installment payments to the Commission according to the following schedule: (1) $76,000 within 14 days of entry of this Final Judgment; (2) $140,000 within 365 days of entry of this Final Judgment; (3) $200,000 within 730 days of entry of this Final Judgment; and (4) $200,000 within 1,095 days of entry of this Final Judgment. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post-judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of Final Judgment. Prior to making the final payment set forth herein, Defendant shall contact the staff of the Commission for the amount due for the final payment. If Defendant fails to make any payment by the date required or in the amount according to the schedule above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

**V.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the real property owned by and held in the name of Defendant and his wife, Paula A. Tomlinson, in Los Altos, CA shall secure payment of the $616,000 civil penalty, plus applicable post-judgment interest pursuant to 28 U.S.C. § 1961.

**VI.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Defendant has agreed to cooperate with the Commission in the Commission's pending enforcement action, as well as any related investigations, proceedings, and actions, and that if at any time following the entry of the Final Judgment the Commission obtains information indicating that the Defendant knowingly provided materially false or misleading information or materials to the Commission, the Commission may, at its sole discretion and without prior notice to the Defendant, petition the Court to vacate this Final Judgment and restore this action, including all of the original allegations in the Complaint, to its active docket.

**VII.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: 06/20/13

UNITED STATES MAGISTRATE JUDGE

*Judge Joseph C. Spero*

Case No.  -4-  [Proposed] Final Judgment as to Bruce W. Tomlinson